UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2004 OCT -5 PM 2: 25
LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| CHARLES FLEMING | * | NO: **04-2740** |
| VERSUS | * | SECTION: **SECT. R MAG. 3** |
| TRANSOCEAN OFFSHORE, U.S.A., INC. | * | MAGISTRATE: |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## SEAMAN'S COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel comes **CHARLES FLEMING**, a person of the full age of majority with respect represents:

**I.**

Defendant, **TRANSOCEAN OFFSHORE, U.S.A., INC.**, made defendant herein as "TRANSOCEAN" a foreign corporation doing business within the State of Louisiana and within the jurisdiction of this Honorable Court, is indebted unto plaintiff for all damages to which he is entitled to receive as prayed for herein, together with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings for the following, non-exclusive, acts of negligence, as more specifically set forth below.

**II.**

Jurisdiction of this Court is invoked under the Jones Act and General Maritime Law.

**III.**

On or about June 25, 2002, **CHARLES FLEMING** was employed by

Fee $150.—
Process
X Dktd
CtRmDep
Doc. No. 1

**TRANSOCEAN,** as a Jones Act Seaman aboard the **TRANSOCEAN RATHER**.

### IV.

At all pertinent times hereto **TRANSOCEAN** owned, operated and/or controlled the **TRANSOCEAN RATHER** which was at all pertinent times a vessel in navigation.

### V.

On or about June 25, 2002, plaintiff **CHARLES FLEMING** experienced an accident which resulted in serious painful injuries to his knees while employed by **TRANSOCEAN** and while being supervised by **TRANSOCEAN**.

### VI.

On information and belief, Plaintiff alleges that the sole and proximate cause of the above-described accident was the negligence of **TRANSOCEAN** in the following, non-exclusive respects:

a) Breach of a legally imposed duty of reasonable care owed by the Defendant to the Petitioner;

b) Failure to provide a reasonably safe place to work;

c) Failure to properly train and supervise plaintiff;

d) Failure to take any means or precautions for the safety of defendant's employees, including plaintiff;

e) Creation and maintenance of an unseaworthy vessel;

f) Failure to provide minimum safety requirements;

2

g)  Failure to provide adequate equipment for the
    job in question;

h)  Failure to provide adequate personnel for the
    job in question;

i)  Other acts of negligence and unseaworthiness
    which will be shown at the trial of this matter.

### VII.

As a direct result of the negligence of the defendants and the unseaworthiness of the vessel, Plaintiff, **CHARLES FLEMING,** is entitled to recover from the Defendant reasonable and just compensatory, special and general damages as prayed for herein and to be awarded by this Honorable Court in the following non-exclusive respects:

(1)  Past, present and future physical, mental and emotional pain and suffering in an amount not less than $500,000.00;

(2)  Past, present and future loss of wages, fringe benefits and wage earning capacity in an amount not less than $500,000.00;

(3)  Past and future physical disability.in an amount not less than $500,000.00;

(4)  Past, present and future medical expenses in an amount not less than $150,000.00; and

(5)  All other special and general damages as will be shown at the trial of this matter.

### VIII.

Pursuant to the General Maritime Law of the United States of America, **TRANSOCEAN** had and continues to have the absolute and nondelegable duty to provide Petitioner with maintenance and cure benefits from the date that he was rendered unfit for duty until maximum cure is achieved.

### IX.

As a result of the aforementioned accident, Plaintiff was rendered unfit for duty and presently remains unfit and incapable of returning to duty as a seaman.

### X.

Therefore, the plaintiff prays for the payment of past, present and future adequate maintenance benefits as well as past, present and future payment of any and all cure benefits to which plaintiff is entitled. Should defendant **TRANSOCEAN** fail to honor its maintenance and cure obligation, the plaintiff is entitled to attorney's fees, damages and an additional compensatory award for any acts of negligence on the part of the defendant which would result in a deterioration of the plaintiff's medical condition.

### XI.

Prior to plaintiff's June 25, 2002 accident, plaintiff had previously sustained an injury to his left knee. However, plaintiff was not aware of the nature and extent of this injury or the damages he had suffered until approximately April 2002 at which time he sought medical attention for medical treatment for this injury.

### XII.

Plaintiff subsequently underwent a left knee arthroscopy on or about May 7, 2002, from which he had fully recovered at the time of his aforementioned June 25, 2002, accident. Plaintiff had received two full duty return to work slips prior to his June 25, 2002 accident.

## XIII.

Plaintiff specifically alleges that he had fully recovered from any and all prior knee injuries at the time of his accident on June 25, 2002. However, to the extent plaintiff had not recovered from such prior injuries, which is specifically denied, plaintiff contends that he did not know the nature and extent of such prior injuries until approximately April 2002. Therefore, to the extent plaintiff may have had pre-existing injuries prior to the June 25, 2002, accident which forms the basis of this litigation, plaintiff is entitled to seek damages relating to any injuries sustained prior to April 2002, to the extent plaintiff was not aware of the nature and extent of such injuries until approximately April, 2002.

## XIV.

Plaintiff prays for a trial by jury on all issues raised herein.

**WHEREFORE,** Plaintiff prays that Defendant **TRANSOCEAN OFFSHORE, U.S.A., INC.** be duly cited to appear and answer this Complaint and after the legal delays and due proceedings had and trial by jury, there be Judgment herein in favor of the Plaintiff, **CHARLES FLEMING**, and against the Defendant, **TRANSOCEAN OFFSHORE, U.S.A., INC.**, for all damages to which the Plaintiff is entitled to recover for the reasons set forth herein, together with legal interest thereon from date of judicial demand until paid, for payment of all costs, including expert fees, and for all other general and equitable relief.

FURTHERMORE, plaintiff prays that defendant, **TRANSOCEAN OFFSHORE U.S.A. INC.** be cast in judgment in favor of the plaintiff for past, present and future adequate

maintenance benefits as well as past, present and future payment of any and all cure benefits to which plaintiff is entitled by law and penalties and additional damages if applicable.

AND FOR ALL GENERAL AND EQUITABLE RELIEF.

Respectfully Submitted,

_____
TIMOTHY J. YOUNG (22677)
ROBERT J. YOUNG, JR. (13763)
N. HUSTED DERUSSY (27793)
**THE YOUNG FIRM**
400 Poydras Street, Suite 2090
New Orleans, LA 70130
Telephone: (504) 680-4100